749 So.2d 1173 (1999)
Johnnie Ruth MYERS, Individually and on Behalf of the Wrongful Death Beneficiaries and the Estate of Eddie Mack Allen, Deceased, Appellants,
v.
MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY, Appellee.
No. 1998-CA-01251-COA.
Court of Appeals of Mississippi.
August 3, 1999.
Jay L. Jernigan, Hattiesburg, Attorney for Appellants.
Thomas D. McNeese, Lawrence Elder Hahn, Columbia, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., BRIDGES, AND IRVING, JJ.
IRVING, J., for the Court:
¶ 1. Johnnie Ruth Myers filed a wrongful death suit against Marcus Fears and Ivory and Ernestine Bew (the "Bews"). Myers obtained a summary judgment against Marcus Fears. Consequently, Mississippi Farm Bureau Mutual Insurance Company ("Farm Bureau") filed a complaint for declaratory judgment asking the court to determine the rights, status, duties and liabilities of Farm Bureau under the Bews' homeowners insurance policy. Subsequently, Myers filed in the declaratory judgment action a counterclaim for bad faith, breach of contract and civil conspiracy against Farm Bureau. Farm Bureau then filed a 12(b)(6) motion to dismiss the counterclaim for failure to state a claim upon which relief can be granted. This appeal arises from the dismissal of all of Myers's claims except for her civil conspiracy claim set forth in the counterclaim. Myers now appeals and presents the following issue, which is recited verbatim from her brief, for review:
Whether or not the Court erred by Judgment dated August 10, 1998 dismissing all parts of the Counterclaim against Mississippi Farm Bureau Insurance Company with the exception of the civil conspiracy.
Finding no reversible error, we affirm.

FACTS
¶ 2. On March 16, 1996, twenty-five year old Fears shot and killed Eddie Mack Allen at the home of Ivory and Ernestine Bew. The Bews are Fears' grandparents. *1174 On July 11, 1996, Myers filed a wrongful death suit against Fears and the Bews in her individual capacity as natural sister of Allen and on behalf of Allen's wrongful death beneficiaries. At the time Allen was killed, the Bews were insured under a homeowners insurance policy issued by Farm Bureau. Farm Bureau retained Patrick H. Zachary to defend Fears under reservation of rights in the wrongful death suit. Farm Bureau also hired separate counsel to defend the Bews. On March 5, 1997, Fears was convicted of murder by the Circuit Court of Perry County. Myers consequently filed a motion for summary judgment against Fears in the wrongful death suit contending that by virtue of the guilty verdict in the criminal case, Myers had met her burden of proof on the intentional tort of murder. The Perry County Circuit Court agreed and entered summary judgment against Fears.
¶ 3. On July 14, 1997, Farm Bureau filed a complaint for declaratory judgment against Myers, Fears and the Bews. At that time, Fears was serving time in the Mississippi State Penitentiary. Farm Bureau alleged that Fears was not an insured under the Bews' policy and that he was not a dependent relative of the Bews; therefore, Fears was not covered for the damages sought in the wrongful death suit. They further alleged that the policy excluded coverage of damages resulting from intentional acts. Myers counterclaimed that Farm Bureau had previously hired Patrick Zachary to represent its interests by defending Fears in the wrongful death suit, all in contradiction and in bad faith, conspiring to prevent the wrongful death beneficiaries from collecting damages against the insurance policy issued by Farm Bureau. Farm Bureau filed a motion to dismiss the counterclaim to which the court granted a hearing. The trial court's order on the motion to dismiss states that Myers's counsel announced to the lower court that Myers admitted to all the claims in the complaint for declaratory judgment and that Myers agreed that a judgment be entered against her. As stated previously, the lower court dismissed all of Meyers's counterclaims except for the civil conspiracy claim. Farm Bureau also obtained a default judgment against Fears.

ANALYSIS OF THE ISSUE PRESENTED

Did the trial court err by dismissing all of the claims laid in the counterclaim against Mississippi Farm Bureau Insurance Company with the exception of the civil conspiracy?
¶ 4. The judgment reflects that Myers consented to a dismissal of all of her claims except for the conspiracy claim. Myers's brief omits discussion of this fact. Further, Myers does not deny that she consented to the dismissal of her claims. We may not act upon or consider matters which do not appear in the record and must confine ourselves to what actually does appear in the record. Dew v. Langford, 666 So.2d 739, 746 (Miss.1995). It must be presumed that the trial court's rulings were correct and such presumptions will prevail unless the actual record supports the contrary. Id. Myers is estopped from raising this argument here.
¶ 5. Even if Myers were not estopped, her argument still lacks merit. The bad faith claim, if it could be proven, is a claim which is personal to the Bews. The insurance policy was between the Bews and Farm Bureau. Myers is a third-party who is not privy to the contract between the Bews and Farm Bureau. Myers, therefore, cannot maintain an action of bad faith against Farm Bureau. See Davidson v. Davidson, 667 So.2d 616, 621 (Miss.1995).
¶ 6. THE JUDGMENT OF THE PERRY COUNTY CHANCERY COURT IN FAVOR OF MISSISSIPPI FARM BUREAU MUTUAL INSURANCE COMPANY IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO JOHNNIE RUTH MYERS, INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL *1175 DEATH BENEFICIARIES AND THE ESTATE OF EDDIE MACK ALLEN, DECEASED.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, DIAZ, LEE, PAYNE, AND THOMAS, JJ., CONCUR.
MOORE, J., NOT PARTICIPATING.